Taylor, C. J.
I think it may properly influence the Court to' impose terms on the Defendant, when a new trial is granted, that the Plaintiff’s title, on the score of possession, was not objected tó at the 'trial; bat when a statement of facts is set forth in the record, from which the conclusion of law is, that the P^binflff has no tide, we are bound so to adjudge, by granting a new trial. Now, although’a tenant at will may maintain an ejectment, yet no person’ can be Such tenant, without entering upon the land, his sole right to which consists in enjoying the land by consent of the owner. For many purposes, the lease is considered as fictitious ; but' it is always essential, that it should appear that the lessor of the Plaintiff had a right *154 in him when the lease was made, for this is- the very question to be tried in the ejectment. There ought, -therefore, to be a new trial; but, coi^idering the manner in which the objection is made, the Plaintiff must have leave to add any other counts to the declaration, which he thinks fit.
Ruffin, J.
The case states, that the lessor of the Tlaintiff neyer entered into the lands proved on the trial to be in the Defendant’s possession ;—and it does not appear, by express statement, or by any sufficent implication, that she was possessed of any of the lands covered by the patent under which George Pollock claimed title. Consequently, the first question for the opinion of this Court does notarise upon the facts stated in the record. It cannot be material to the Plaintiff whether a tenant at will can maintain ejectment, if the lessor of the Plaintiff was not such a tenant. A tenancy at will cannot be created, until by force of the lease, the tenant obtains possession. Before entry, the lease is a bare contract. Since, therefore, the lessor of the Plaintiff had no title, she ought not to have obtained a verdict; and the Court is bound to take notice that the Plaintiff hath not made out a case in point of law, on which he can recover, although the Defendant’s counsel shall not make any objection. There must, therefore, be a new trial. But, since from the verdict, we are to presume, for the present, that the merits are for the Plaintiff, it would be unjust to favour the Defendant so far as to allow him*an opportunity of a second investigation of them, but upon such terms as will enable the Plaintiff tcPgo to trial upon the merits. The new trial must consequently be granted upon the terms, that the Plaintiff may add such counts upon other demises as may be thought proper.
The B£st of the Court* concurred.